IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafeeq Qadeer Salahuddin, | No. CV-17-04270-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Bridget S. Bade's Report and Recommendation ("R&R") on the merits of Petitioner Rafeeq Qadeer Salahuddin's Petition for the Writ of Habeas Corpus. The accepts the R&R.

**BACKGROUND**

Because no party has objected to the procedural background provided by Magistrate Judge Bade, the Court will adopt it as an accurate account. (Doc. 17 at 1–4). Magistrate Judge Bade recommends that Salahuddin's petition be denied as untimely. (Doc. 17 at 9). Salahuddin objects to the conclusions of the R&R, arguing that it mischaracterizes the grounds for relief stated in his petition, wrongly ignores the fact that a state-created barrier prevented him from filing his claim in a timely fashion, and contends that *Martinez v. Ryan*, should excuse his untimeliness. But because the R&R correctly analyzed his claims, his

petition for habeas corpus is denied.

**DISCUSSION**

**I.      Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.      Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003) (internal citations omitted). This one-year period runs from the latest of four possible dates, two of which are relevant here.  28 U.S.C. § 2255(f)(1).  Typically, the one-year statute of limitations runs from "the date on which the judgment of conviction becomes final." *Id.*  But because Salahuddin's conviction became final before the effective date of AEDPA, he had a one-year grace period beginning in 1996 in which he could have filed a timely challenge. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) ("AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date . . . ended on April 24, 1997 in the absence of statutory tolling.").  AEDPA also permits the statute of limitations to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2244(d)(1)(B).  AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).  But equitable tolling is not frequently available.  To qualify, a petitioner must demonstrate "that he has been pursuing his rights diligently and . . . that some extraordinary circumstance stood in his way." *Pace v.*

1    *DiGuglielmo*, 544 U.S. 408, 418 (2005).

2            Here, Salahuddin presents two arguments for why the Court should not conclude

3    his petition is untimely.  First, he argues that the Arizona Supreme Court's decision on his

4    original appeal represented an external impediment that prevented him from bringing his

5    claims, and that impediment was not lifted until he was informed of new developments in

6    the law around September 2013.  Then, he argues that equitable tolling should apply

7    because of the United States Supreme Court's decision in *Martinez*.  Because neither

8    argument is successful, the petition is untimely.

9            **1.      External Impediment**

10           Salahuddin argues that the Arizona Supreme Court created an impediment when it

11   determined that his counsel had waived objections to the jury selection panel.  While this

12   ruling was adverse, it did not create an impediment to him filing any challenge that he

13   wished to in federal court.  Salahuddin now claims that this impediment did not lift until

14   he was informed about developments in the law in September 2013. (Doc.  at 8).  But

15   whether Salahuddin was informed of developments in precedent has little bearing on what

16   the Arizona Supreme Court did when it ruled on his direct appeal.

17           **2.      *Martinez* Does Not Apply To AEDPA's Timeliness Requirement.**

18           *Martinez v. Ryan*, 566 U.S. 1 (2012), does not apply here.  *Martinez* recognized a

19   narrow set of circumstances in which the procedural default of a claim of ineffective

20   assistance of trial counsel can be excused because of the ineffectiveness of counsel in PCR

21   proceedings.  *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012).  But that is not the issue

22   here.  *Martinez* does not apply to tolling the limitations of § 2244(d).  Other courts have

23   also reached this conclusion.  *See Lambrix v. Sec'y, Florida Dept. of Corr.*, 756 F.3d 1246,

24   1249 (11th Cir. 2014) ("the equitable rule in *Martinez* applies only to the issue of cause to

25   excuse the procedural default of an ineffective assistance of trial counsel claim that

26   occurred in a state collateral proceeding and has no application to the operation or tolling

27   of the § 2244(d) state of limitations for filing a § 2254 petition"); *Madueno v. Ryan*, No.

28   CV-13-01382-PHX-SRB, 2014 WL 2094189, at \*7 (D. Ariz. May 20, 2014) ("Martinez

has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court."). Thus, Salahuddin cannot user *Martinez* to overcome AEDPA's one-year statute of limitations.

Because Salahuddin's petition for the writ of habeas corpus is untimely, his objections regarding Magistrate Judge Bade's characterization of the grounds of his petition are moot.

**IT IS THEREFORE ORDERED** that Magistrate Judge Bade's Report and Recommendation (Doc. 17) is accepted.

**IT IS FURTHER ORDERED** that Petitioner Salahuddin's Petition for the Writ of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of April, 2019.

G. Murray Snow
Chief United States District Judge